IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

UNITED STATES OF AMERICA

v.     CRIMINAL NO. 2:25-cr-28-KHJ-MTP

SEAN GARDNER     DEFENDANT

### UNOPPOSED MOTION FOR A PROTECTIVE ORDER RELATING TO MINOR VICTIMS

In accordance with Federal Rule of Criminal Procedure 16(d) (Discovery and Inspection) and 18 U.S.C. §§ 3509(d) (The Child Victims' and Child Witnesses' Rights Act) and 3771(a) (The Crime Victims' Rights Act), the United States respectfully moves this Court for a Protective Order to ensure the privacy and dignity of the minor victims in this case.

**I.     Introduction**

The defendant has been indicted on ten counts of Production of Images of Minors Engaging in Sexually Explicit Conduct in violation of Title 18, United States Code, Section 2251(a).

Consistent with the law and longstanding policy, the United States seeks a protective order to redact the minor victims' identifying information[1] and potentially identifying information.[2] *See generally* 18 U.S.C. § 3509(d)(3)(A) (a court may issue an order protecting a

---

[1] The United States proposes that "identifying information" include victims' names, social security numbers, addresses, and telephone numbers. *See generally,* 18 U.S.C. § 3509(d)(3)(A); Fed.R.Crim.P. 49.1(a) (social security numbers, taxpayer identification numbers, birth dates, names of minors, financial account numbers, and home addresses); Rule Fed.R.Crim.P. 49.1(e) (for good cause, the court may by order in a case require redaction of additional information).

[2] "Potentially identifying information" is largely contained in investigative leads created by FBI personnel who are actively seeking to identify and locate minor victims. Though this information varies significantly from victim to victim, the United States proposes that examples include the name of the school that the victim is believed to attend, the name of the town where the victim is believed to reside, and the web address for Facebook or other social media accounts that may belong to the victim. *See generally,* 18 U.S.C. § 3509(d)(3)(A); Fed.R.Crim.P. 49.1(e).

child from public disclosure of the name of or any other information concerning the child in the course of the proceedings if the court determines that there is a significant possibility that such disclosure would be detrimental to the child); 18 U.S.C. § 3509(d)(3)(B) (a court may issue a protective order that provides for any other measure that may be necessary to protect the privacy of the child); 18 U.S.C. § 3771 (victim has a right to be treated with fairness and respect for the victim's dignity and privacy); *cf.* 18 U.S.C. § 3432 (the United States is required to provide contact information for victims and witnesses in capital cases, but not until three days prior to trial, and that may be excused if the court finds by a preponderance of the evidence that disclosure may jeopardize the life or safety of any person).

Specifically, pursuant to 18 U.S.C. §§ 3509(d), 3771(a) and Fed.R.Crim.P. 49.1(a)-(e), the United States requests a Protective Order that:

(1) prohibits the dissemination of any document that contains identifying information or potentially identifying information for any minor victim without redaction;

(2) requires that all publicly filed or disseminated documents identify the minor victims by their initials or a generic name, such as "Minor A" or "Minor Victim #1";

(3) requires that the minor victims be referred to only by their initials or a generic name, such as "Minor A" or "Minor Victim #1" during all unsealed trial, pre-trial and post-trial proceedings;

(4) requires defendants, counsel, and representatives to return any documents that contain identifying victim information or potentially identifying victim information to the United States at the end of trial.

**II.     Argument**

Because this case involves minor victims, the privacy protection measures required by the Child Victims' and Child Witnesses' Rights Act (the "Act"), 18 U.S.C. § 3509, apply. The Act defines a "child" as "a person who is under the age of 18, who is or is alleged to be ... a victim of a crime of physical abuse, sexual abuse, or exploitation ... or a witness to a crime committed against another person." 18 U.S.C. § 3509(a)(2). The Act defines "sexual abuse" to

include "the employment, use, persuasion, inducement, enticement, or coercion of a child to engage in…sexually explicit conduct." 18 U.S.C. § 3509(a)(8). The Act requires that certain measures be taken to protect the minors' privacy. Specifically, it provides as follows:

> (1)  Confidentiality of information –
>
>> (A)  A person acting in a capacity described in subparagraph (B) in connection with a criminal proceeding shall –
>>
>>> (i)  keep all documents that disclose the name or any other information concerning a child in a secure place to which no person who does not have reason to know their contents has access; and
>>>
>>> (ii)  disclose documents described in clause (i) or the information in them that concerns a child only to persons who, by reason of their participation in the proceeding, have reason to know such information.
>>
>> (B)  Subparagraph (A) applies to –
>>> (i)  all employees of the Government connected with the case, including employees of the Department of Justice, any law enforcement agency involved in the case, and any person hired by the Government to provide assistance in the proceeding;
>>>
>>> (ii) employees of the court;
>>>
>>> (iii)  the defendant and employees of the defendant, including the attorney for the defendant and persons hired by the defendant or the attorney for the defendant to provide assistance in the proceeding; and
>>>
>>> (iv) members of the jury.
>
> (2)  Filing under seal. – All papers to be filed in court that disclose the name of or any other information concerning a child shall be filed under seal without necessity of obtaining a court order. The person who makes the filing shall submit to the clerk of the court
>
>> (A)  the complete paper to be kept under seal; and
>>
>> (B)  the paper with the portions of it that disclose the name of or other information concerning a child redacted, to be placed in the public record.

18 U.S.C. § 3509(d)(1) and (2).

The Act also permits this Court to issue a protective order "protecting a child from public disclosure of the name of or any other information concerning the child in the course of the proceedings, if the court determines that there is a significant possibility that such disclosure would be detrimental to the child." 18 U.S.C. § 3509(d)(3)(A). A protective order may:

(i) provide that the testimony of a child witness, and the testimony of any other witness, when the attorney who calls the witness has reason to anticipate that the name of or any other information concerning a child may be divulged in the testimony, be taken in a closed courtroom; and

(ii) provide for any other measures that may be necessary to protect the privacy of the child.

*Id.*

Accordingly, the United States requests that the minor victims in this case be referred to by a generic name during all unsealed proceedings and filings, and that all reasonable efforts be made to prevent the public dissemination of the minors' identifying information and potentially identifying information. The United States makes this request in an effort to protect the privacy and reputation of the minors involved, to minimize the emotional trauma which likely would result from unnecessary dissemination of their identities, and to minimize any personal embarrassment the minors and their families will experience if their identities are disclosed publicly.

Good cause exists for the United States' request. These restrictions serve the compelling interest of "safeguarding the psychological well-being of a minor." *Globe Newspaper Co. v. Superior Court*, 457 U.S. 596, 604-05 (1982). If no protective measures are taken, and the minor victims' identities become known or publicly discoverable, they may be unnecessarily traumatized and may learn of their victimization from private investigators, peers, media coverage, or the Internet. Accordingly, prohibiting the public disclosure, dissemination, and

unnecessary retention of the minors' identities or potentially identifying information is the least intrusive means for protecting the minor victims' well-being.

[The undersigned Assistant United States Attorney has consulted with the attorney for the defendant, who represented that he does not oppose this motion.]

### III.   Conclusion

The United States represents that the foregoing safeguards are necessary to ensure the privacy and welfare of the minor victims and, thus, respectfully moves this Court to enter the requested Protective Order.

        Respectfully submitted,

        PATRICK A. LEMON
        Acting United States Attorney

By:   s/ *Kimberly T. Purdie*
       KIMBERLY T. PURDIE
       MS Bar # 104168
       Assistant United States Attorney
       United States Attorney's Office
       Southern District of Mississippi
       501 E Court Street, Suite 4.430
       Jackson, MS 39201

**CERTIFICATE OF SERVICE**

I hereby certify that on September 16, 2025, I filed the foregoing document electronically through the CM/ECF system, which sent a notification to all counsel of record.

        s/ *Kimberly T. Purdie*
        KIMBERLY T. PURDIE
        MS Bar # 104168
        Assistant United States Attorney
        United States Attorney's Office
        Southern District of Mississippi
        501 E Court Street, Suite 4.430
        Jackson, MS 39201