IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

V.   CAUSE NO. 2:25-CR-28-KHJ-MTP

SEAN GARDNER

MEMORANDUM IN SUPPORT OF DEFENDANT'S
MOTION TO DISMISS INDICTMENT WITH PREJUDICE

Sean Gardner, by and through counsel, respectfully moves this Court for an Order dismissing the Indictment with prejudice because the relevant visual depictions do not constitute child pornography as a matter of law. We submit the following memorandum in support of the motion to dismiss all counts of the indictment.

BACKGROUND

Mr. Gardner was indicted on September 9, 2025, with ten counts charging him with sexual exploitation of a minor, in violation of 18 U.S.C. § 2251(a) and (e). All of the counts allege that Mr. Gardner

> Employed, used persuaded induced, enticed and coerced [minor victims] to engage in sexually explicit conduct, for the purpose of producing any visual depiction of such conduct using materials that had been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer.

The dates of the ten counts of the indictment range from December 2017 to April 2018. During that period, Mr. Sean Gardner was employed as a gymnastics coach at Jump-In Gymnastics in Purvis, Mississippi. It is alleged that Mr. Gardner placed a recording device in a bathroom where female students would change clothes before practice. The various counts relate to four separate dates when the recordings occurred. It is further alleged that Mr. Gardner hid the recording device in the bathroom without anyone knowing, and subsequently recorded multiple minors who entered the area to change clothes. Further, review of the relevant video files reveals

that the minors are not engaged in any form of sexually explicit conduct.

## ARGUMENT

All counts in the indictment rest on the assumption that either the visual depictions at issue constitute child pornography, as they involve "sexually explicit conduct," or that Mr. Gardner employed, used, persuaded, induced, enticed, and coerced the minors to engage in sexually explicit conduct. "Sexually explicit conduct" is statutorily defined as intercourse, bestiality, masturbation, sadistic or masochistic abuse, or a "lascivious exhibition of the genitals or pubic area of any person." *See* 18 U.S.C. § 2256(2)(A).

Although Congress did not expressly define the phrase "lascivious exhibition of the genitals or pubic area," the Fifth Circuit has established that the six factors set out in *United States v. Dost*, 636 F.Supp. 828, 832 (S.D. Cal. 1986), provide the proper analytical framework. *See United States v. Steen*, 634 F.3d 822, 826 (5th Cir. 2011). These six factors are:

(1) whether the focal point of the visual depiction in on the child's genitalia or pubic area;

(2) whether the setting of the visual depiction is sexually suggestive, i.e., in a place or pose generally associated with sexual activity;

(3) whether the child is depicted in an unnatural pose, or in inappropriate attire, considering the age of the child;

(4) whether the child is fully or partially clothed, or nude;

(5) whether the visual depiction suggests sexual coyness or a willingness to engage in sexual activity;

(6) whether the visual depiction is intended or designed to elicit a sexual response in the viewer.

*Dost*, 636 F.Supp. at 832. This list is not intended to be exhaustive, and no single factor is determinative. Rather, the "determination of lasciviousness will have to be made based on the overall content of the visual depiction." *Steen*, 634 F.3d at 827 (quoting *United States v. Grimes*, 244 F.3d 3375, 380 (5th Cir. 2001) and *Dost*, 636 F.Supp. at 832) (internal quotation omitted).

As noted above, the visual depictions at issue involve videos of minors changing clothes

in a bathroom. There is no depiction of any sexual activity or simulated sexual activity. There are no sex aids, sex toys, or any type of sexual paraphernalia displayed in any of the videos. Nothing about the setting is inherently sexual. Indeed, the individuals depicted are not aware they are being filmed, and thus are not acting unnaturally. Simply put, the visual depictions do not depict minors engaging in any conduct that could remotely be considered lascivious.

In 2011, the Fifth Circuit reviewed a case, *Steen*, *supra*, which is factually similar to the one presented here. Mr. Steen was likewise charged under 18 U.S.C. § 2251(a), for surreptitiously filming an undressing minor in a tanning salon. *Steen*, 634 F.3d at 824. At trial, defense counsel moved for an instructed verdict, asserting that the evidence was insufficient to prove beyond a reasonable doubt that the conduct filmed was sexually explicit or lascivious. *Id.* at 825. This was denied, and the jury ultimately returned a guilty verdict. *Id.* On appellate review, defense counsel again argued that the depiction did not constitute "sexually explicit conduct" as a matter of law. The Fifth Circuit agreed, reversing the conviction and concluding that the case should not have gone to the jury. *Id.* at 828.

The Court's analysis in *Steen* of the statutory language and the *Dost* factors are instructive here, as the facts are quite similar. In fact, the facts of *Steen* weigh more heavily in favor of a finding of lasciviousness than do the facts of this case.

The first factor is whether the focal point of the visual depiction is on the child's genitalia or pubic area. In *Steen*, the Court noted that the subject's pubic region was not the focal point, as it was only visible on the edge of the video's frame for a brief period of time, and "the film did not accent the pubic area." *Steen*, 634 F.3d at 827. While the videos in this case include the exposed private areas of victims, this is not the focal point. As in *Steen*, this factor "lacks factual support" and "does not point to finding of lasciviousness." *Id.*

The second and third factors consider whether the setting or pose of the depiction is sexually suggestive or unnatural. A bathroom is not a sexually suggestive setting for the same

reasons articulated in *Steen*. There, the Court noted that "[a] tanning salon is not a sexually suggestive setting, nor are [the subject's] movements unnatural for someone who is tanning." *Id.* Because the subject in *Steen* did not know she was being filmed, there was nothing suggestive or unnatural about her conduct. Likewise, in this case, the individuals did not know they were being filmed, and they were acting in exactly the natural manner that they would given the context. They are depicted casually changing clothes, which is in no way sexually suggestive.

The fourth factor is nudity. In *Steen*, the subject was nude, and was depicted as such in the video. Even so, "nudity, without more is protected expression," and nudity alone is not sufficient for a finding of lasciviousness. *See New York v. Ferber*, 458 U.S. 747, 765 n.18 (1982); *see also Grimes*, 244 F.3d at 381-82 (noting that to find nudity alone sufficient for child pornography would "outlaw many works or art of family photos of, say, naked children in bathtubs"). In *Steen*, the Court held that "[s]urreptitiously filming a nude tanner, on its own, does not meet the standard for producing child pornography." *Steen*, 634 F.3d at 827.

The fifth factor, suggesting sexual coyness, as in *Steen*, "is irrelevant because [the subjects] did not know [they were] being filmed." *Id.* The individuals in the video neither act coy nor willing to engage in sexual activity. This factor, like the others, weighs against a finding of lasciviousness.

The sixth factor, whether the visual depiction is intended or designed to elicit a sexual response in the viewer, is described in *Steen* as "the most difficult to apply." *Id.* at 827-28. However, due to the factual similarities, the Court's analysis there is instructive. Quoting a similar district court case from Missouri, the Court notes the following:

> These videos could not be considered to have been intended to elicit a sexual response in the viewer any more than mere nudity would, which several courts have concluded is not of a sexual character. We do have some limited context … that [the defendant] set up a camera … but that context indicates nothing more than an attempt to capture mere nudity and is very different than a person … telling a minor to undress, lay on a bed, and open his legs for a nude photo.

*Id.* at 828 (quoting *United States v. Johnson*, 719 F.Supp.2d 1059, 1068 (W.D. Mo. 2010)). The

Court continues, "[e]ven if one assumes Steen was stirred by his voyeuristic pursuits, there is insufficient evidence to conclude that the image of [the minor's] *genitals* was designed to elicit a sexual response or whether, perhaps, merely being a voyeur excited Steen." *Id.* at 828 (emphasis in original). Precisely the same analysis applies here. There is absolutely no evidence to conclude, as is charged in the indictment, that the image of the subjects' genitals, was designed to elicit a sexual response beyond voyeuristic pursuits.[1] Notably, Judge Higginbotham concurred in the *Steen* decision, but was cautious of lending weight to this final factor because it allowed judges to improperly consider a non-statutory element. *Steen*, 634 F.3d at 829 (Higginbotham, J., concurring). Judge Higginbotham believed the most important factor is whether the minor being used actually engaged in sexually explicit conduct. *Id*.

The Fifth Circuit also noted in *Steen* that these *Dost* factors had "never been deployed where a defendant's conduct said to be criminal under the statute at issue proved to be no more than voyeurism." *Id.* at 827. Despite the conviction by jury in *Steen*, and even applying the stringent clear error standard of review and drawing all reasonable inferences to support the jury verdict, the Court of Appeals was compelled to conclude that the conviction was unlawful.

## CONCLUSION

The phrase "lascivious exhibition" has been defined in the Fifth Circuit as "a depiction which displays or brings forth to view in order to attract notice to the genitals or pubic area of children, in order to excite lustfulness or sexual stimulation in the viewer." *Grimes*, 244 F.3d at 381 (quoting *United States v. Knox*, 32 F.3d 733, 746 (3d Cir. 1994)). Applying that standard in *Steen*, and in light of the totality of the *Dost* factors, the Fifth Circuit held that "the government's evidence cannot meet this standard," and that "the case should not have gone to the jury." *Steen*, 634 F.3d at 828. The same is true here. Each of the *Dost* factors weighs against a finding of lasciviousness in this case. *Steen* is binding authority in the Fifth Circuit, and it compels dismissal

---

[1] The defendant in *Steen* also faced Texas state charges for video voyeurism.

of the instant Indictment.

Respectfully submitted, this the 9th day of February, 2026.

     /s/ Omodare Jupiter
OMODARE JUPITER
MS Bar No. 102054
Federal Public Defender
2510 14TH Street
Gulfport, Mississippi 39501
Telephone: (228)865-1202
Fax: (228)867-1907
Omodare_jupiter@fd.org

## CERTIFICATE OF SERVICE

I, Omodare Jupiter, attorney for Defendant, Sean Gardner, do hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the Assistant United States Attorney of record.

Dated this the 9th day of February, 2026.

     /s/Omodare Jupiter
OMODARE JUPITER
Federal Public Defender